**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SHELDON WAYNE HILL,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:22-1971** |
| **v.** | : | **(JUDGE MANNION)** |
| **WARDEN E. ROKOSKY,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Sheldon Wayne Hill, an inmate confined in the Canaan United States Penitentiary, Waymart, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He asks the Court to apply earned time credits to his sentence pursuant to the First Sep Act ("FSA"), even though his is not a minimum or low recidivism risk level. Id. For relief, Petitioner seeks the Court to "award [Petitioner] his earned time credits and apply them to home confinement or RRC placement." Id.

A response to the petition was filed on January 31, 2023. (Doc. 9). Although provided an opportunity, Hill has not filed a reply brief.

For the reasons set forth below, the Court will deny the instant petition for writ of habeas corpus.

## I.   **Background**

Hill is serving a 151 month term of imprisonment imposed by the United States District Court for the Northern District of Ohio for Bank Robbery. (Doc. 9-1 at 3). His current projected release date is May 9, 2025, via good conduct time. Id.

Hill's FSA Time Credit Assessment shows that Hill has an historical risk of recidivism and that his PATTERN score puts him at high risk of recidivism score. (Doc. 9-1 at 5-6, Inmate History First Step).

## II.   **Discussion**

Under the FSA, the Attorney General was charged with development and release of a Risk and Needs Assessment System ("the System") within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. §3632. The System is to be used for: (1) determining an inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction programming ("EBRRs") appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (4) reassigning an inmate to appropriate EBRRs and productive activities ("PAs"); (5)

- 2 -

determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (6) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. §3632(a). Moreover, the System provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." Kurti v. White, No. 1:19-cv-2109, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020) (citing 18 U.S.C. §3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. See 18 U.S.C. §3632(d)(4)(A). An inmate may earn ten (10) or fifteen (15) days of credit for every thirty (30) days of successful participation. See id. Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn an additional five (5) days of time credit for every thirty (30) days of successful participation. See id.

Section 3624(g) sets forth the process for how FSA time credits are applied to create an earlier release date for eligible prisoners. Section

- 3 -

3624(g) requires, for placement in prerelease custody, that the prisoner "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or has specific approval by the warden. 18 U.S.C. §3624(g)(1)(D)(i). For early transfer to supervised release, §3624(g) requires that the inmate "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." Id. §3624(g)(1)(D)(ii). The clear language of 18 U.S.C. §3624(g) precludes application of time credits until Story has lowered his recidivism risk level.

Respondent submitted the Declaration of Jennifer Knepper, BOP Supervisory Attorney, wherein she explains that inmates who are eligible for FSA time credits can accrue credits, but they cannot be applied until the inmate has earned a low or minimum recidivism risk. (Doc. 9-1, at 1; see also 28 C.F.R. §523.44). Hill, however, has an historical risk of recidivism and is presently assessed with a high recidivism risk score. Id. As such, he will not be eligible for application of FSA time credits until, among other requirements, his risk level is reduced to minimum or low. Thus, the Court must deny Hill's habeas petition.

- 4 -

III.    <u>Conclusion</u>

  Based on the foregoing, the Court will deny Hills's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. An appropriate order shall issue.

               **MALACHY E. MANNION**
               **United States District Judge**

**Dated:  July  //, 2023**
22-1971-01

- 5 -